# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Clarke Spottswood, | Case No. 24-CV-0224 (JWB/ECW) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| The State of MN Wash Co and Zoom, | |
| Defendants. | |

This matter is before the Court on Plaintiff Shawn Clarke Spottswood's "Amended Complaint/Petition" (Dkt. 11 ("Amended Complaint")). For the following reasons, the Court orders that the Amended Complaint will be this action's operative pleading going forward. The Court also recommends dismissing this action to the extent it seeks injunctive relief and otherwise staying it pending resolution of a state-court prosecution of Spottswood, as discussed below.

This action commenced on January 29, 2024, when the Court received Spottswood's original Complaint. (Dkt. 1.) That filing, as well as a later filing of Spottswood's, indicated that he meant to amend the Complaint. (*See* Dkt. 1 at 5; Dkt. 5 at 1.[1]) As a result, on April 5, 2024, this Court entered an order requiring Spottswood to file an amended complaint. (*See* Dkt. 10 at 2.) The Court received the Amended Complaint on May 3, 2024. (*See* Dkt. 11)

---

[1] Citations to materials filed on the docket use the page numbers assigned by the District's CM/ECF filing system.

The Amended Complaint's caption names two defendants: Minnesota's Washington County and "Zoon Inc," which the Court construes as referring to Zoom Video Communications, Inc. given the Amended Complaint's subsequent reference to "Zoom Communication Inc." (Dkt. 11 at 1-2.) Spottswood also suggests that he means to sue various "unnamed officials" associated with Washington County. (*See id.* at 2.)

The Amended Complaint's thrust concerns a pending criminal action in Washington County. (*See id*. at 2-14.[2]) On January 17, 2024, Judge Helen R. Brosnahan (serving in Washington County's district court) held a hearing in the criminal case using interactive video teleconferencing ("ITV"). (*See id.*) The state court used Zoom's teleconferencing software to handle the teleconference. (*See id.*) As relevant here, Spottswood raises a variety of claims about the conduct of Judge Brosnahan, his appointed attorney, and the programmer who implemented certain features of Zoom's ITV services. (*See generally id.* at 2-9.) He claims that various aspects of the January hearing denied him his constitutional rights and violated various federal criminal statutes. (*See generally id.*)

Spottswood requests "a writ of injunction . . . into [his] criminal case," specifically, a "preliminary injunction." (*Id.* at 13.)[3] The Court construes this as a

---

[2] The Court has been unable to determine the precise Washington County criminal case involved here, and Spottswood does not identify it.

[3] Spottswood suggests that he means to bring this case as a class action. (*See, e.g.*, Dkt. 11 at 9-12.)

request for injunctive relief—namely, to immediately halt his state-court criminal proceedings. Spottswood also seeks $50,000 in damages. (*See id.* at 14.)

As an initial matter, the Court orders that the Amended Complaint shall be this action's operative pleading going forward. Because the Amended Complaint asks this Court to enjoin proceedings in a state-court criminal action, it raises a question of so-called *Younger* abstention.[4] *See Younger v. Harris*, 401 U.S. 37 (1971). Under this doctrine, federal courts should generally abstain from interfering with certain "pending state proceedings." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11 (1987) (discussing *Younger*, 401 U.S. at 37); *see also, e.g.*, *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) ( "[C]oncepts of comity and federalism require federal courts to abstain from interfering with pending state court criminal proceedings, except under 'special circumstances' such as a bad-faith prosecution or when a criminal statute is 'flagrantly and patently' unconstitutional on its face." (quoting *Younger*, 401 U.S. at 41, 44-45, 53-54)).

In the Eighth Circuit, courts use a "three-part inquiry" to decide whether to apply *Younger* abstention in a given case:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries,

---

[4] A district court can consider issues of *Younger* abstention *sua sponte*. *See, e.g.*, *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 676 (8th Cir. 2013) (affirming district-court dismissal based on *sua sponte* consideration of *Younger* abstention).

is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef*, 68 F.4th at 1087 (quoting *375 Slane Chapel Rd. LLC v. Stone Cty.*, 53 F.4th 1122, 1177 (8th Cir. 2022)); *see also, e.g.*, *Rubbelke v. Zarembinski*, No. 23-CV-0707 (PJS/ECW), 2023 WL 3094371, at *2 (D. Minn. Apr. 26, 2023) (presenting same test (quoting *Minn. Living Assistance v. Peterson*, 899 F.3d 548, 551-52 (8th Cir. 2018)).

These lines of inquiry indicate that exercising *Younger* abstention would be appropriate here.  First, the state-court proceedings fall squarely within the "exceptional circumstances" where *Younger* abstention applies.  Indeed, criminal proceedings are the paradigmatic type of state-court proceeding that makes *Younger* abstention advisable. *See, e.g., Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger*); *Wassef*, 68 F.4th at 1086 (same).

With respect to the second inquiry, the *Middlesex* factors are "relevant in deciding whether *Younger* abstention applies to a *civil* proceeding": the factors here are whether there is "(1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides the federal plaintiff adequate opportunity to raise federal challenges."  *Wassef*, 68 F.4th at 1087 (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432-35 (1982)) (emphasis added).  As the emphasis here suggests, this second inquiry is inapplicable, because the state proceeding that Spottswood seeks to interrupt is not a civil proceeding, but a criminal one.[5]

---

[5]     Even if the Court applied the *Middlesex* factors here, they would cut against Spottswood.  His state-court prosecution is plainly an "ongoing state judicial proceeding," enforcing state criminal law is an important state interest, and Spottswood's

4

That leaves the last line of inquiry, that is whether an exception applies. The Court finds that no exception to *Younger* abstention applies here. Nothing in the Amended Complaint (or the Complaint) plausibly suggests that "the pending state action was brought in bad faith or for the purpose of [harassment]" or that any other "extraordinary circumstances" exist. *Trainor v. Hernandez*, 431 U.S. 434, 446-47 (1977); *see also, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 338 (1977) (noting exception where "state proceeding is motivated by a desire to harass or is conducted in bad faith" (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975))).

The Court therefore recommends applying *Younger* abstention, but one issue remains. Generally, under *Younger* abstention, a federal plaintiff's claims for injunctive relief are dismissed without prejudice. *See Wassef*, 68 F.4th at 1091 (stating that *Younger* contemplates the dismissal of the federal suit but that all claims are presented to the state courts, meaning that such actions should be dismissed without prejudice). However, when *Younger* abstention applies to a case featuring damages claims, the court should not dismiss those claims; instead, they should be stayed pending resolution of the relevant state-court proceedings. *See, e.g.*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (citing *Growe v. Emison*, 507 U.S. 25, 32 (1993)); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999) (citing cases) ("When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As

---

ability to raise issues in the criminal action itself and/or on appeal give him an adequate opportunity to address the concerns he raises here. *See Middlesex*, 457 U.S. at 432-35.

long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining." (citation omitted)). As mentioned, Spottswood seeks $50,000 in damages. (Dkt. 11 at 14.) Thus, while the Court recommends dismissing this action to the extent that it seeks injunctive relief, the Court recommends staying the remainder of the action until Spottswood's relevant criminal case, including any appeals, concludes. Further, the Court recommends ordering Spottswood to inform the Court within 30 days of the conclusion (again, including any appeals) of his state-court prosecution.

## ORDER

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff Shawn Clarke Spottswood's Amended Complaint/Petition (Dkt. 11) is this action's operative pleading going forward.

## RECOMMENDATION

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. The Amended Complaint be **DISMISSED WITHOUT PREJUDICE** to the extent that it brings claims for injunctive relief.

2. The remainder of this action be **STAYED** pending the final resolution of Plaintiff Shawn Clarke Spottswood's Washington County state-court criminal proceedings challenged by the Amended Complaint.

3. Plaintiff Shawn Clarke Spottswood be ordered to inform the Court within 30 days after the Washington County state-court matter challenged by the Amended Complaint (including any appeals) concludes by filing an appropriate notice in this action's docket.

    4.    The Clerk of Court be directed to send a certified copy of this Order to the Washington County District Court, Tenth Judicial District.

Dated: June 17, 2024
        *s/Elizabeth Cowan Wright*
        ELIZABETH COWAN WRIGHT
        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).