UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Clarke Spottswood, | Case No. 24-cv-0224 (JWB/SGE) |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Washington County MN and Zoom Inc., | |
| Defendants. | |

This matter is before the Court on Plaintiff Shawn Clarke Spottswood's "Amended Complaint/Petition," Dkt. No. 11 ("Amended Complaint"). For the following reasons, the Court lifts the previously entered stay in this action and recommends dismissing what remains of the case.

On June 17, 2024, U.S. Magistrate Judge Elizabeth Cowan Wright issued an Order and Report and Recommendation that recommended dismissing this action's injunctive-relief claims based on *Younger* abstention. *See* Dkt. No. 12 at 5–6.[1] Judge Wright also recommended staying the remaining claims for damages "pending the final resolution of . . . Spottswood's . . . state-court criminal proceedings challenged by the Amended Complaint." *Id.* at 6. Additionally, Judge Wright recommended requiring Mr. Spottswood to "inform the Court within 30 days after the . . . state-court matter challenged by the

---

[1] This action was reassigned from Magistrate Judge Wright to this Court on September 30, 2024. *See* Docket.

Amended Complaint (including any appeals) concludes." *Id.* Mr. Spottswood did not object to the Order and Report and Recommendation, which U.S. District Judge Jerry W. Blackwell later adopted in full. *See* Dkt. No. 13.

At the time, it was unclear which state-court action Mr. Spottswood was challenging, but it is now evident that he was contesting *State v. Spottswood*, No. 82-CR-23-3468 (Minn. Dist. Ct.). *See, e.g.*, Dkt. No. 15-1 at 1 (referring to this case number). Mr. Spottswood has not updated the Court on developments in the case, but public Minnesota court records provide relevant information.[2] Specifically, in March 2024, Mr. Spottswood agreed to plead guilty to one count of fifth-degree controlled-substance crime. *See* Pet. to Enter Plea of Guilty in Felony Case Pursuant to Rule 15 at 1, *State v. Spottswood*, No. 82-CR-23-3468 (Minn. Dist. Ct. Mar. 7, 2024).[3] In November 2024, a state-court judge sentenced Mr. Spottswood to a 19-month prison term, stayed for three years. *See* Order and Warrant of Commitment at 1–2, *State v. Spottswood*, No. 82-CR-23-3468 (Minn. Dist. Ct. Nov. 20, 2024). There is no indication that Mr. Spottswood has appealed his conviction or sentence. *See generally* Register of Actions, *State v. Spottswood*, No. 82-CR-23-3468 (Minn. Dist. Ct.).

---

[2] This Court may take judicial notice of public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Rosales v. Adir Int'l LLC*, No. 24-cv-3727 (LMP/DTS), 2025 WL 266775, at *1 n.1 (D. Minn. Jan. 22, 2025) (citing cases).

[3] The Court notes that Mr. Spottswood filed this action in January 2024, *see, e.g.*, Docket, which was before he chose to plead guilty in March 2024.

2

As noted above, Mr. Spottswood was required to inform the Court of developments in his criminal case within 30 days after the case concluded, including any time for appeal. The state court entered the sentencing order on November 20, 2024, and under Minnesota rules, Mr. Spottswood had 90 days to appeal, meaning that his deadline to do so was February 18, 2025. *See* Minn. R. Crim. P. 28.02, subd. 4(3)(a). Because he appears to have chosen not to appeal, his deadline to notify this Court about the status of his state-court case was (at the latest) March 20, 2025.

That deadline has passed without Mr. Spottswood providing the required status update. The Court will therefore assess the status of this action. As a preliminary matter, the Court orders that the stay currently in place be lifted.

This brings the Court to Mr. Spottswood's remaining damages claims. In general, the Amended Complaint alleges that Defendants Washington County and Zoom Inc. violated Mr. Spottswood's constitutional rights during at least one hearing in his criminal case. *See* Am. Compl. 2-9. These claims are barred, however, by the favorable-termination rule established in *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also*, *e.g.*, *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Heck*).

3

It is clear from the Amended Complaint that any successful damages claim Mr. Spottswood asserts here would necessarily undermine his state-court conviction. And nothing in the Amended Complaint or relevant state-court records indicates that his conviction has been favorably terminated. *Heck* therefore bars the remaining claims in this action.[4] The Court thus recommends dismissing this matter without prejudice under 28 U.S.C. § 1915(e)(2)(B).[5]

## ORDER

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS ORDERED** that the stay in this action—entered into by the Order dated July 11, 2024 (Dkt. 13)—be lifted.

---

[4] Because the Court reaches this conclusion, it does not need to—and therefore does not—address whether Mr. Spottswood's failure to notify the Court of developments in his state-court case would independently warrant dismissal (e.g., for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure).

[5] As relevant here, 28 U.S.C. § 1915(e)(2) directs a court overseeing an *in forma pauperis* ("IFP") proceeding to dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim. This case is an IFP proceeding. *See, e.g.*, Dkt. 10.

## RECOMMENDATION

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS RECOMMENDED** that the Amended Complaint be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

Dated: March 26, 2025

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).